**NOT FOR PUBLICATION**                                                                  **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NANCY KRRYWDA, : | |
| : | Civil Case No. 10-2559 (FSH)(PS) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | July 14, 2011 |
| PRESSLER AND PRESSLER, L.L.P., : | |
| : | |
| Defendant. : | |
| : | |

**HOCHBERG, District Judge:**

**I.      INTRODUCTION**

Plaintiff, Nancy Krrywda, brings this action alleging violations of the Fair Debt Collection Practice Act by defendant, Pressler & Pressler, L.L.P. ("Pressler").  Plaintiff alleges that after obtaining a judgment and writ of execution, Pressler "skips its obligation to conduct adequate post-judgment asset discovery" and instead directs law enforcement personnel to ascertain what assets are available to satisfy the judgment.  *See* Plaintiff's Opposition, Docket # 23, at 5.  Pressler moves to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  In support of its motion, Pressler submitted state court and public documentation, the authenticity of which plaintiff does not dispute, demonstrating that Pressler in fact conducted extensive post-judgment discovery regarding plaintiff's assets, and had to obtain more than one court order directing plaintiff to appear for post-judgment discovery proceedings, which plaintiff disregarded, culminating in the issuance of a bench warrant for the arrest of plaintiff for failure to comply with post-judgment discovery orders.

1

**II.     BACKGROUND**

Plaintiff is a repeat debtor, who owes money as a result of defaulting on various consumer debts and credit cards.  Pressler has obtained three separate judgments against plaintiff and two judgments against plaintiff's husband.  Certification of Mitchell L. Williamson, Docket # 21-3, ¶¶ 1, 5 ("Williamson Cert.").  After obtaining these judgments, Pressler conducted extensive post-judgment discovery regarding the assets of plaintiff and her husband.  Pressler sent three different information subpoenas to plaintiff and two different information subpoenas to plaintiff's husband pursuant to N.J. Ct. R. 6:7-2(b).  Williamson Cert. ¶¶ 9, 20, 24, 25-27, 31, Exs. B, H, M, Q.  In addition, Pressler obtained a Court Order of Discovery seeking information regarding the "Joseph Dubay Krrywda Trust" of which plaintiff is the trustee.  *Id.* ¶ 33-34, Ex. S.

Plaintiff failed to comply with the Court Order of Discovery and Pressler subsequently obtained a Court Order to Enforce Litigant's Rights directed to plaintiff.  Plaintiff failed to comply with the Court Order to Enforce Litigant's Rights and Pressler obtained a Court Issued Warrant for plaintiff's arrest.  *Id.* ¶¶ 39-40, Ex. T, Ex. U.  Plaintiff was arrested pursuant to the warrant, and after she complained of shortness of breath and chest pains, the court directed that she be taken to the local hospital and issued an order directing plaintiff to appear before the court on a later date.  *Id.* ¶ 39, Ex. W.  Plaintiff did not appear as directed.  Her husband appeared and he presented a certification and trust documents relating to the trust.  *Id.* ¶ 44-45, Exs. X, Y.  In essence, plaintiff defaults on her bills, and then claims to have no assets because she and her husband have put their assets into a revocable trust for their son.

The trust documents indicate that plaintiff is the trustee of the "Joseph Dubay Krrywda Trust," which is a revocable trust on behalf of plaintiff's son.  *Id.* Ex. X.  The trust assets include

the residence of plaintiff and her family. *Id*. The trust was originally scheduled to terminate when plaintiff's son reached the age of 25 in 2009. However, it was amended in February 2009 to terminate instead upon his 39th birthday. *Id*. At the direction of Pressler, the Ocean County Sheriff has twice attempted to levy on plaintiff's personal property and once attempted to levy upon the personal property and motor vehicle of plaintiff's husband. *Id*. ¶¶ 16, 21-22, 30, Exs. E, I, K, P. In response to the attempted levies, plaintiff and her husband have refused to submit to proper post-judgment discovery, instead baselessly expressing outrage that their pat assertion that they have "no assets" (because their residence and all of its furnishings and contents are held in trust for their son, and that the vehicle sought to be levied belongs to plaintiff's son) is not sufficient to avoid answering questions about how they came to have no assets.

In short, this case involves a lengthy record of post-judgment discovery attempts, which reflects repeated, persistent, and contumacious non-compliance by plaintiff with court orders, culminating in the issuance of a warrant for the arrest of plaintiff.

### III.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotations omitted).

In evaluating a motion to dismiss, a court may consider the complaint, "matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents." *Guo Hua Ke v. Holder*, 2011 U.S. Dist. LEXIS 10612, *4 (D.N.J. Feb. 3, 2011) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  Further, a court may "take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).  "Consistent with this limitation, [a court] may 'examine the decision to see if it contradicts the complaint's legal conclusions or factual claims.'" *Banton v. Morton*, 2011 U.S. Dist. LEXIS 17018, *12, n.2 (E.D. Pa. Feb. 22, 2011) (quoting *S. Cross*, 181 F.3d at 427).

## IV.   DISCUSSION

Plaintiff alleges that Pressler has violated the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, by engaging in collection methods in violation of New Jersey law.  Plaintiff contends that after obtaining a judgment, a judgment creditor is obligated under New Jersey law to conduct appropriate post-judgment discovery before directing a sheriff to inventory and levy upon the debtor's assets and that Pressler failed to do so with respect to the judgments against plaintiff.  *See Spiegel, Inc. v. Taylor*, 148 N.J. Super. 79 (Cty. Ct. 1977).  Plaintiff's contentions are stunningly audacious in light of the extensive post-judgment discovery conducted by Pressler and contumaciously resisted by plaintiff.

The exhibits submitted by Pressler in support of its motion document the State of New Jersey Court Judgments obtained by Pressler against plaintiff and her husband, the post-judgment discovery sought to be conducted by Pressler, and the inventories attempted involving plaintiff

and her husband. The post-judgment discovery conducted by Pressler, and the inventories directed by Pressler, are reflected in both public documents and indisputably authentic documents that are integral to plaintiff's claims. Plaintiff does not dispute the authenticity of the exhibits submitted by Pressler, nor object to the consideration of the exhibits by the Court. Instead, plaintiff argues that they "are by-and-large irrelevant." *See* Plaintiff's Opposition, Docket # 23, at 3, n. 4. Plaintiff objects only to the consideration of plaintiff's veracity on a credit card application attached as Exhibit A to the Williamson Certification as "beyond the scope of this motion." *Id*. Accordingly, the Court may consider the complaint and all exhibits to the Williamson Certification, except for Exhibit A. *See White Consol. Indus., Inc.*, 998 F.2d at 1196; *S. Cross*, 181 F.3d at 426. In addition, the Court may examine the court orders attached to the Williamson Certification to see if they "contradict[] the complaint's legal conclusions or factual claims." *S. Cross*, 181 F.3d at 427.

With respect to the five judgments obtained by Pressler against plaintiff and her husband, Pressler issued at least five information subpoenas, conducted public records searches, and filed at least two motions to enforce litigant's rights in response to non-compliance with discovery requests by plaintiff and her husband. Williamson Cert. ¶¶ 9, 20, 24-26, 31-33, 38-39, 41, Exs. B, H, M, R, V. Pressler also obtained a court order of discovery, a court order to enforce litigant's rights, and a warrant for the arrest of plaintiff after she failed to comply with multiple court orders. *Id*. ¶¶ 33-34, 38-40, Exs. S, T, U. After plaintiff complained of shortness of breath and chest pains when arrested, Pressler obtained a rescheduled court date, at which plaintiff did not appear. *Id*. ¶¶ 43-44, Exs. W, X. The discovery conducted by Pressler revealed that plaintiff and her husband claim to own no assets and that plaintiff is the trustee of a revocable trust in

favor of her adult son, set to expire on his 39th birthday, the corpus of which includes plaintiff's residence and other property. *Id*. ¶¶ 9-10, 27, 31-32, 44-45, Exs. B, M, Q, R, X, Y.

Notwithstanding the extensive efforts to take post-judgment discovery conducted by Pressler, plaintiff boldly declares that after obtaining a writ of execution, Pressler "skips its obligation to conduct adequate post-judgment asset discovery" and instead directs the county sheriff to ascertain what assets are available to satisfy the levy. Plaintiff's Opposition at 5. This contention is a baseless and frivolous attempt to raise legal issues not present based on the undisputed facts of this case. The undisputedly authentic documents provided by Pressler in support of its motion demonstrate that plaintiff has repeatedly and contumaciously failed to comply with discovery requests and court orders, even after being arrested as a result. Considered in context, plaintiff essentially asks this Court to allow her to wield her discovery non-compliance as a weapon in this action to recover damages from Pressler on the theory that it should have conducted additional discovery before attempting to collect on its judgments. This is beyond absurd.

Upon consideration of the complaint, and the undisputedly authentic exhibits to the Williamson Certification, the Court concludes that plaintiff cannot state a plausible claim for violation of the FDCPA on the theory that Pressler improperly directed inventories of plaintiff's assets without first conducting adequate post-judgment discovery. *See S. Cross*, 181 F.3d at 427 ("[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint"); *White Consol. Indus.*, 998 F.2d at 1196 ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). In light of

this conclusion, the Court has determined that oral argument is unnecessary and has considered defendant's motion based on the parties' written submissions pursuant to Fed. R. Civ. P. 78.

V.      **Order**

For the foregoing reasons, it is **ORDERED** that defendant's motion to dismiss with prejudice is granted in its entirety.  The Clerk of the Court is directed to close this case.

/s/ Faith S. Hochberg\
Hon. Faith S. Hochberg, U.S.D.J.